Per CüRiam.
 

 If Pryor, when he sold the land to Johnson, knew * of a fact which rendered his title invalid, and yet concealed that fact from Johnson, the sale is void ; for equity requires of him a full disclosure of everything prejudicial to the title which he knows of. And if it be true that Denson, the sheriff, and Pryor were in partnership in this sale, that rendered the title absolutely void, by the act of 1805, ch. 31; and, indeed, it would be void by the rules of the common law, without the aid of that statute. Now is it a fact that they were in partnership, and did conceal that
 
 fact
 
 when Pryor sold to Johnson ? There is but one witness who deposes to it, but his testimony is confirmed by strong circumstances. The assignment on the bond the day before the sale is in the handwriting of Denson. He went 60 miles with Pryor, to assist in the sale to Jackson. He attested the bill of sale for the negro. He drew the written acknowledgment which Jackson signed, stating the effect of the bargain. He did not take all this pains for nothing ; he was interested. And as the witness says — and as to the concealment there is no doubt, for they both stated to Jackson that the title which Pryor had was an undoubted title. It is of no consequence whether he agreed to give a warranty deed to Jackson or not. The contract is void because of this
 
 concealment
 
 and misrepresentation.
 

 As to the bond given to Jones, and assigned to Pryor after it became payable, it is no better in the hands of Pryor than in the hands of Jones. He could not have recovered upon it, because given for a consideration which failed; for the lands sold by Downs were incumbered with a judgment, which afterwards caused them to be sold by a second sale made on the judgment of Johnson and wife, at which Vance purchased and hath recovered the lands.
 

 The injunction issued against the judgment upon the bond for
 
 *713
 
 $1,100 must be made perpetual. The bill of sale must be given up to be canceled. The * $100 paid when the bond for $1,100 was executed must be repaid ; and also the $105 paid in part of the bond. And Pryor must be enjoined from proceeding upon the bond assigned to him by Jones against Johnson in any way whatever, though he is left at liberty to proceed upon the assignment against Jones, if he think proper.
 

 See, as to
 
 concealment, White
 
 v.
 
 Cox,
 
 3 Hay, 79, and note
 
 sub. fin.
 
 As to
 
 rescission, and lien for purchase money, Newnan
 
 v.
 
 Maclin,
 
 5 Hay. 241, and note
 
 sub. fin. As
 
 to
 
 substitution, Jobe
 
 v.
 
 O’Brien,
 
 2 Hum. 34;
 
 Stipe
 
 v.
 
 Stipe,
 
 2 Head, 169. See King’s Digest, 2235, 2737, 2757, 2768, 2949, 10,849.